UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Herbert McCoy, | |
| Plaintiff, | |
| v. | C/A No. 0:04-22192-GRA-BM |
| South Carolina Department of Mental Health, Mr. George P. Gintoli, Mrs. Brenda Young-Rice, Mr. Fredrick Pauer, Dr. Dean Mooney, | ORDER |
| Defendants. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed April 17, 2006. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on October 12, 2005. Because Plaintiff is proceeding *pro se*, he was advised on October 13, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment could result in the dismissal of his complaint. Plaintiff has failed to file any response to the motion for summary judgment. The magistrate recommends granting summary judgment to Defendants. For the reasons stated below, Defendants' motion for summary judgment is GRANTED.

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574

1

F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff has not filed objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment be GRANTED and this case be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May 9, 2006

NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.